United States District Court
Southern District of Texas

**ENTERED**

March 05, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| DENETTA R. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2243 |
| | § | |
| CHRISTIAN BECERRA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

This court has reviewed the Memorandum and Recommendation of Judge Richard W. Bennett signed on January 15, 2026, (Docket Entry No. 51), and made a *de novo* determination, *see* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). Based on the pleadings, the parties' briefs, and the applicable law, the court adopts Judge Bennett's Memorandum and Recommendation as this court's Memorandum and Order. The court finds and concludes that: (1) Whitbeck's motion to dismiss, (Docket Entry No. 36), is granted; (2) the Fort Bend County defendants' motion to dismiss, (Docket Entry No. 39), is granted; (3) the Fort Bend County defendants' motion to recognize dismissal, (Docket Entry No. 40), is granted; (4) the RMG defendants' motion to dismiss, (Docket Entry No. 41), is granted; and (5) the FBISD defendants' motion to dismiss, (Docket Entry No. 42), is granted.

The court has carefully considered the plaintiff's objections to the Memorandum and Recommendation, (Docket Entry No. 52), and has determined that they should be overruled. First, Williams argues that Judge Brame and Judge Becerra cannot claim judicial immunity because they acted in complete absence of jurisdiction. (*See id.* at 10). This argument is incorrect because the statute on which Williams bases her argument, Tex. Elec. Code § 231.004, is not jurisdictional. It

is a waivable statutory disqualification. *See Horn v. Gibson*, 352 S.W.3d 511, 514 (Tex. App.—Fort Worth 2011, pet. denied). The judges are entitled to judicial immunity. Second, Williams argues that she did not receive service of the remaining motions to dismiss and filed an amended complaint under duress. (Docket Entry No. 52 at 11–13). But Williams received these motions at her email address, (Docket Entry Nos. 53-1, 55-1, 56-1), which she agreed was appropriate service, (Docket Entry No. 32 at 7 ("Plaintiff . . . agrees to receive service of all filings and correspondence in this matter via email.")). In addition, Judge Bennett reviewed the amended complaint on the merits without imposing a penalty on Williams for failing to respond. (*See* Docket Entry No. 51 at 8–9, 17 n.6). Williams does not contest the merits of Judge Bennett's rulings on the claims against the remaining defendants.

Judge Bennett thoroughly examined the law and applied the correct legal standards and rulings to the alleged facts in granting the motions to dismiss. Final judgment dismissing this case with prejudice is entered by separate order.

SIGNED on March 4, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2